IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANELLE BRIDGES, *et al.* | ) <br> ) <br> ) |
| Plaintiffs, | ) |
| v. | ) Case No. 15-cv-126-GKF-PJC |
| | ) |
| KYLE WILSON, *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) |

## PLAINTIFF'S PRELIMINARY WITNESS AND EXHIBIT LIST

**COMES NOW** the Plaintiffs by and through their undersigned counsel, and for their Preliminary Witness and Exhibit List pursuant to the Court's Amended Scheduling Order [Dkt.# 28], submits the following:

### A. WITNESSES

| Witness | Description of Testimony |
|---|---|
| Janelle Bridges, Plaintiff <br> c/o Plaintiffs Attorneys | Mrs. Bridges was Shane Bridges wife. She was present during the incident and his testimony will include the facts and circumstances surrounding the incident alleged in Plaintiff's Complaint, the decedent's pain and suffering while alive and injured and the damages associated with the loss of her husband, to include economic damages, spousal consortium/support, and parental consortium/support |
| A███ B██████, Plaintiff <br> c/o Plaintiffs Attorneys | A██ B█████ was Shane Bridges son and was six (6) years old at the time of the incident. He was present during the incident and his testimony will include the facts and circumstances surrounding the incident alleged in Plaintiff's Complaint, to include all of the damages suffered. He will also offer testimony regarding spousal/parental consortium |

EXHIBIT 4

| | |
|---|---|
| B___ B___, Plaintiff<br>c/o Plaintiffs Attorneys | B___ B___ was Shane Bridges son and was eight (8) years old at the time of the incident. He was present during the incident and his testimony will include the facts and circumstances surrounding the incident alleged in Plaintiff's Complaint, to include all of the damages suffered. He will also offer testimony regarding spousal/parental consortium |
| S___ B___, Jr., Plaintiff<br>c/o Plaintiffs Attorneys | S___ B___, Jr., was Shane Bridges son and was three (3) months old at the time of the incident. |
| A___ C___, Plaintiff<br>c/o Plaintiffs Attorneys | A___ C___ is Janelle Bridges daughter and was six (6) years old at the time of the incident. She was present during the incident and her testimony will include the facts and circumstances surrounding the incident alleged in Plaintiff's Complaint, to include all of the damages suffered. She will also offer testimony regarding spousal/parental consortium |
| J___ S___, Plaintiff<br>c/o Plaintiffs Attorneys | J___ S___ was Shane Bridges son and was three (3) years old at the time of the incident. He was present during the incident and her testimony will include the facts and circumstances surrounding the incident alleged in Plaintiff's Complaint, to include all of the damages suffered. She will also offer testimony regarding spousal/parental consortium |
| J___ H___, Plaintiff<br>c/o Plaintiffs Attorneys | J___ H___ is Janelle Bridges niece, and was six (6) years old at the time of the incident. She was present during the incident and her testimony will include the facts and circumstances surrounding the incident alleged in Plaintiff's Complaint, to include all of the damages suffered. She will also offer testimony regarding spousal/parental consortium |
| Defendant Kyle Wilson<br>c/o Defendants Attorneys | Will offer testimony regarding the facts and circumstances alleged in Plaintiff's Complaint, as well as his training and experience as a law enforcement officer |

| | |
|---|---|
| Defendant Mike Reed<br>c/o Defendants Attorneys | Will offer testimony regarding the facts and circumstances alleged in Plaintiff's Complaint, as well the policies, procedures, and training of the deputies with the Mayes County Sheriff's Department as well as his investigation of the shooting |
| Jennifer Branstetter | Will offer testimony consistent with allegations contained in Plaintiff's Complaint |
| Rod Howell<br>Mayes County Sheriff's Dept. | Identified in Defendant's Rule 26 Initial Disclosures |
| Julia Fisher<br>Mayes County Sheriff's Dept. | Identified in Defendant's Rule 26 Initial Disclosures |
| Brett Mull<br>Mayes County Sheriff's Dept. | Identified in Defendant's Rule 26 Initial Disclosures |
| Robert Carlile<br>Mayes County Sheriff's Dept. | Identified in Defendant's Rule 26 Initial Disclosures |
| Agent Tammy Ferrari<br>OSBI | Identified in Defendant's Rule 26 Initial Disclosures |
| Agent Dennis Franchini<br>OSBI | Identified in Defendant's Rule 26 Initial Disclosures |
| Brad Green<br>OSBI | Identified in Defendant's Rule 26 Initial Disclosures |

| | |
|---|---|
| Wesley Reed<br>Adair Police Dept. | Identified in Defendant's Rule 26 Initial Disclosures |
| Tyler Brown<br>Grand River Dam Authority | Identified in Defendant's Rule 26 Initial Disclosures |
| Diana Galloway<br>Dept. Human Services | Identified in Defendant's Rule 26 Initial Disclosures |
| Dr. Andrea Weins, D.O.<br>Oklahoma Medical Examiners Office | Investigation and findings of autopsy of Decedent |
| Michael Lyman<br>Plaintiff's Expert | Expert Witness - Police Policies and procedures related to the use of deadly force, the investigation of deadly force incidents of police officers, and the training of officers as it relates to the use of deadly force |
| Dale Cowan<br>Neighbor of Decedent | He was present next door during the incident and heard gunshots. His testimony will include the facts and circumstances surrounding the incident alleged in Plaintiff's Complaint, and his responding to the scene as a EMR and volunteer for the Diamondhead Fire Dept. |
| Representative from MESTA Ambulance Service<br>Adair, Oklahoma | Treatment of Decedent at scene and related expenses |
| Representative from Key Funeral Home<br>Pryor, Oklahoma | Decedent's Funeral/Burial expenses |
| Representative from Adair Fire Dept. | Responding to scene of incident and any observations |

| | |
|---|---|
| Janice Steidley | Former DA of Rogers & Mayes County. Her testimony will include the facts and circumstances of the incident as presented to her in order to make a determination of whether the shooting of the decedent was justified |
| Larry Edwards | Former First Asst. DA of Rogers & Mayes County. His testimony will include the facts and circumstances of the incident as presented to him in order to assist the DA in making a determination of whether the shooting of the decedent was justified |
| Economic Expert<br>Dr. William Clark<br>1830 Coventry Lane<br>Oklahoma City, OK 73120 | Expert Witness - will offer testimony related to the past, present, and future economic losses to Plaintiffs due to the death of Decedent. |
| Unknown law enforcement personnel | Investigations of the scene, photographs of the scene, measurements of the scene, discussions with witnesses regarding the shooting, and any observations made regarding the incident alleged in Plaintiff's Complaint |
| Medical/Mental Health personnel responsible for Plaintiff's Treatment | Treatment/Diagnosis of Plaintiffs and related expenses |
| Emotional Damages Expert<br>Dr. Curtis Grundy<br>P.O. Box 6<br>Ketchum, OK 74349 | Expert Witness – Evaluation/Diagnosis of Plaintiffs, to include past, present, and future mental and emotional damages that will include recommendations for future counseling related to death of Decedent |
| Any witnesses identified by Defendant and not objected to by Plaintiff | |
| Any other witnesses necessary to sponsor and/or authenticate exhibits | |

B. **EXHIBITS**

| No. | EXHIBIT |
|---|---|
| 1 | Medical Records and Expenses related to treatment of Decedent at scene |
| 2 | Report of Investigation by Oklahoma Medical Examiner's Office |
| 3 | Diagram of the Scene, to include demonstrative 3D animation of residence |
| 4 | Photographs taken in the police investigation and not objected to by Plaintiff |
| 5 | Photographs taken in the OSBI investigation and not objected to by Plaintiff |
| 6 | Police/OSBI reports of the incident |
| 7 | Deposition(s) of Defendant(s) and/or Discovery Responses |
| 8 | Plaintiff's medical expenses as it relates to any physical/emotional treatment undertaken as a result of this incident |
| 9 | Mayes County Sheriff's Office Policy and Procedures Manual |
| 10 | Defendant's Personnel File |
| 11 | Defendant's CLEET Training Records |
| 12 | Radio/Dispatch Log Records/Recordings |
| 13 | Mayes County District Attorney's File |
| 14 | Reports prepared by the Plaintiffs & Defendants expert witnesses |
| 15 | Any other documents produced during discovery and not objected to by Plaintiff |

Respectfully Submitted,

/s/ Thomas Mortensen
Joseph Norwood, OBA # 19993
Council Oak Center
1717 S. Cheyenne Ave.
Tulsa, OK 74119
Bus. (918) 582-6464
Fax. (918) 583-7830
joe@oklahomaadvocate.com
*and,*
Thomas Mortensen, OBA # 19183
1331 S. Denver Ave.
Tulsa, OK 74119
Bus. (918) 392-9992
Fax. (918) 392-9993
tmort70@hotmail.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF DELIVERY

This is to certify that on the March 16, 2016, a true and correct copy of the foregoing instrument was sent via e-mail and mail, with proper postage, to the following:

Christopher Collins
Jordan Miller
Collins, Zorn & Wagner, P.C.
429 N.E. 50th St., 2nd Floor
Oklahoma City, OK 73105
(405) 524-2070
(405) 524-2078 – Fax
cjc@czwglaw.com
Jordan@czwglaw.com
*Attorneys for Defendants*

/s/ Thomas Mortensen